A. BENTLEY & SONS COMPANY, Plaintiff-Appellee, v. THORMYER, Acting Director of Highways, Defendant, AZOLA EQUIPMENT RENTAL COMPANY, Defendant-Appellant, J. R. AZOLA CO., INC., Defendant, and KANE, Defendant-Appellant.

Ohio Appeals, Tenth District, Franklin County.

No. 6096. Decided November 10, 1959.

William E. Knepper, Columbus, Arnold Bunge, Toledo, for plaintiff-appellee.

Paul Tague, J. Paul McNamara, Columbus, for J. R. Azola Company, Inc., defendant, Azola Equipment Rental Company and Maurice Kane, defendants-appellants.

Mark McElroy, Atty. Genl., I. Charles Rhoads, Asst. Atty. Genl., for Department of Highways, defendant.

(GRIFFITH, J, of the Seventh District, sitting by designation in the Tenth District.)

## OPINION

By BRYANT, PJ.

This is an appeal on questions of law by the Azola Equipment Rental Company and Maurice Kane, defendants-appellants herein, from

the judgment and final order of the court of common pleas of Franklin County, Ohio. The judgment was rendered in a case in which the A. Bentley & Sons Company, plaintiff-appellee herein, brought suit against George J. Thormyer, Acting Director of the Highway Department of the State of Ohio, J. R. Azola Company, Inc., defendants, and the other two defendants-appellants named to recover the balance claimed to be due him upon a contract with the department of highways. The amount is $15,763.50.

The court below is ruling upon the answer and cross-petition filed in the case held that neither the Azola Equipment Rental Company nor Maurice Kane has a valid lien upon the funds due and payable to Bentley.

Most of the opinion of the court below was devoted to whether or not the papers filed by the Azola Equipment Rental Company with the highway department identified as Exhibits A-3 and A-4 were sufficient to establish a lien upon the funds of Bentley in the hands of the Highway Director as provided in §1311.26 R. C.

In its opinion the trial court at pages two and three wrote as follows:

"The two questions therefore presented to the Court are (1) Under the provisions of §1311.26 R. C., do the proffered exhibits establish a valid enforceable lien upon the funds withheld from plaintiff by the Highway Director, and (2) If not, is oral testimony admissible to correct the defects in the papers filed?

"Sec. 1311.26 R. C., holds in part as follows:

"'Any subcontractor, materialman, laborer, or mechanic, who has performed labor or furnished material, fuel, or machinery, who is performing labor or furnishing material, fuel, or machinery, or is about to perform labor, or furnish material, fuel, or machinery, for the construction, alteration, removal, or repair of any property, appurtenance, or structure, described in §§1311.02 and 1311.03 R. C., or for the construction, improvement, or repair of any turnpike, road improvement, sewer, street or other public improvement, or public building provided for in a contract between the owner or any board, officer, or public authority and a principal contractor, and under a contract between such subcontractor, materialman, laborer, or mechanic and a principal contractor or subcontractor, at the time of beginning to perform such labor or the delivery of fuel or machinery, or at any time, **not to exceed four months from the performance of the labor or the delivery of the machinery, fuel, or material, may file with the owner, board, officer, or the authorized clerk or agent thereof, a sworn and itemized statement of the amount and value of such labor performed, and to be performed, material, fuel, or machinery furnished, containing a description of any promissory notes that have been given by the principal contractor or subcontractor on account of the labor, machinery, or material, or any part thereof, with all credits and setoffs thereon. * * *'**

"The defendant, Azola Equipment Rental Co., et al., filed with the Highway Department Exhibit A-4 and Exhibit A-3 in an apparent attempt by the defendants to comply with the statute in regard to filing a sworn and itemized statement of the amount and value, etc. The question then arises, first, do these statements comply with this statute and

if not, can the oral testimony be admitted to show the defects and to correct them?

"Exhibit A-4 is a letter directed to the Highway Department signed by Maurice Kane for the Azola Equipment Rental Company. This letter is dated August 27, 1956. In writing at the bottom thereof, there is the following: Lucille E. Taylor, Wayne County, Commission expires 6-1960, 8-30-56. There is no imprint of any notary seal.

"Exhibit A-3 is entitled 'Notice of lien' claim, etc., signed by Azola Equipment Rental Company, Maurice Kane, August 27, 1956, and in writing at the bottom is the following: 8-30-56 Lucille E. Taylor, Notary Public, Wayne County, Exp. 6-1960.

"Neither of these contains any of the essential elements to show that anybody has sworn to these statements. The mere appendage of Lucille E. Taylor's name adds nothing to the significance of the exhibits and therefore that particular addition becomes a mere nullity."

We believe that to establish the lien claimed here, there must be not only a compliance with the statutory requirement of a sworn and itemized statement but that the written evidence thereof must be filed in substantially complete form at the place and within the time required by statute. The words, "sworn and itemized," are of equal importance. The lien as provided is a drastic remedy and is in addition to other remedies provided by law requiring that the statement be itemized and sworn to. The law clearly intended to prevent the abuse thereof by filing padded or inaccurate statements. That which is filed should be sufficiently explicit and complete not only to set forth the items but to show in clear and unmistakable language that their accuracy was vouched for under oath by the one filing the lien. Unless the evidence that the statement was sworn to is in form sufficient to warrant an action for perjury in a proper case, the form is simply insufficient.

We find ourselves in agreement with the rulings of the court below. While there are four errors assigned by defendants-appellants, the opinion we have reached upon the two questions set forth by the trial court impels us to hold that none of the assignments of errors has merit, that all of them must be overruled and the judgment of the court below affirmed.

GRIFFITH, J, concurs.
DUFFY, J, dissents.

## DISSENTING OPINION

By DUFFY, J.

The A. Bentley & Sons Company was awarded a contract with the Department of Highways for the construction of certain roadway. They leased certain equipment from the Azola Equipment Rental Company who, in August of 1956, attempted to file a lien with the Highway Department against money to be paid under the contract to the Bentley Company. The A. Bentley & Sons Company instituted an action in the Common Pleas Court of Franklin County to have the Director of Highways pay over to it the sum withheld and to determine the rights of the Azola Equipment Rental Company therein.

At the hearing before the court the Azola Equipment Rental Company offered into evidence certain exhibits relating to the filing of their lien which were refused admission by the court. The court also overruled a request for an opportunity to present oral testimony with respect to such statements and to correct defects found by the court in such exhibits. Parties seem to agree that if the appellants, Azola Equipment Rental Company and Maurice Kane, have any lien upon the funds, it must be based upon §1311.26 R. C. Under that section a "sworn and itemized statement of the amount and value of such labor performed * * * material, fuel or machinery furnished" was to be filed with the public authority as a prerequisite to perfecting the lien.

From a review of the exhibits offered in the trial court, it appears that the appellant sent to the Director of Highways on or about August 29, 1956, a letter designated as a lien-claim with six enclosures, three completed forms of "notice of lien-claim pursuant to §1208 GC," and an itemized statement in triplicate of equipment and material furnished to the A. Bentley & Sons Company.

On August 29, 1956, the credit examiner of the Highway Department of Ohio returned the papers to the Azola Equipment Rental Company with the following letter:
"Gentlemen:

"I wish to acknowledge notice of your intention to file a lien against the A. Bentley & Sons Co. in connection with the construction of Project No. 259, Lucas County Contract No. 12276.

"This must be notarized as you will see from the attached excerpt from the Ohio Law on this subject. Kindly return properly executed."

The papers were returned to the Highway Department on August 31, 1956. At the bottom of the covering letter there was written "Lucille E. Taylor, Wayne Co., Comm. expires 6-19-60." At the bottom of the lien form was written "8-30-56" and under that "Lucille E. Taylor, Notary Public, Wayne Co., Exp. 6-19-60."

The trial court held that neither these nor other papers offered into evidence established a lien and were not admissible as evidence, and that the defects therein could not be cured by amendment or parole evidence; and therefore, overruled a motion of the defendant to present oral testimony. Sec. 1311.26 R. C., speaks of a sworn statement, and the trial court was faced with the problem of whether or not the exhibits offered constituted a sworn and itemized statement as required by that section. The objection was raised by The A. Bentley & Sons Company, appellee, and the appellants felt they were entitled to offer all testimony on the issue as to the admissibility of the sufficiency of the statements. Since the statement was itemized, the objection was no doubt sustained on the grounds that they were not sworn statements. The particular section does not give us any guide to follow as to the form of the sworn statement but it seems to call for a written declaration under oath, which is a definition of an affidavit given in §2319.02 R. C. It would, therefore, seem that an affidavit was called for and that the rules in regard to the affidavit would govern the admissibility in the trial court. Sec. 2319.04 R. C., states:

"An affidavit may be made in or out of this state before any person

authorized to take depositions, and unless it is a verification of a pleading it must be authenticated in the same way as a deposition."

Sec. 2319.23 R. C., governs the authentication of a deposition and states as follows:

"Depositions taken pursuent to §§2319.05 to 2319.31 inclusive, R. C., by a judicial or other officer authorized by such sections to take them, having a seal of office, whether resident in this state or elsewhere, shall be admitted in evidence upon the certificate and signature of such officer, under the seal of the court of which he is an officer, or his official seal, and no other or further act of authentication is required. If the officer before whom they are taken has no official seal, the depositions, if not taken in this state, must be certified and signed by such officer, and further authenticated, either by parol proof adduced in court, or by the certificate and seal of the secretary of state or other officer who is the custodian of its great seal, or the certificate and official seal of the clerk of any court of the state, where taken, attesting that such officer was, at the time of the taking of the depositions, authorized, within the meaning of such sections, to take them. If the deposition is taken within this state by an officer not having a seal, or within or without this state under a special commission, it is sufficiently authenticated by the official signature of the officer or commissioner before whom it is taken. **When a deposition is not certified according to law, the fact neglected to be certified may be shown by parol proof.**" (Emphasis added.)

Sec. 2319.24 R. C., relates to the certificate of the officer taking the deposition and is as follows:

"The officer before whom a deposition is taken shall annex thereto a certificate showing the following facts:

"(A) That the witness was first sworn to testify the truth, the whole truth, and nothing but the truth;

"(B) That the deposition was reduced to writing by some proper person, naming him;

"(C) That the deposition was written and subscribed in the presence of the officers certifying thereto;

"(D) That the deposition was taken at the time and place specified in the notice."

While it appears that there are probably many defects in the procedure followed in attempting to perfect the lien, the issue raised in the trial court had to do with the procedure to be followed in the admission of the "sworn and itemized statement," and we feel that in addition to the offered exhibits, the appellants should have been afforded the opportunity of presenting oral testimony to show that the statements were "sworn statements" and the judgment of the trial court should be reversed and the case remanded for further proceedings according to law.