## BOBALA v BOBALA

Ohio Appeals, 7th Dist, Mahoning Co

No 2704. Decided Dec 3, 1940

Lewis, Levin & Cronin, Youngstown, for plaintiff-appellee.

James Modarelli, Youngstown, for defendant-appellant.

## OPINION

By CARTER, J.

The action below instituted on the second day of November, 1939, was one wherein appellee sought a divorce from appellant, custody of a minor child, support for herself and her minor child, and also reasonable counsel fees.

It becomes necessary to set out quite fully the issues raised by the pleadings. Appellee alleges in her petition that she is and has been a bona fide resident of the state of Ohio, and has been such for more than one year last past, and an actual resident of Mahoning county for more than thirty days immediately preceding the filing of her petition. That on September 8, 1933, she was married to appellant in the city of Mercer, Pennsylvania. That at the time of securing their marriage license in the state of Pennsylvania appellant gave his name as Joseph Jenson and the appellee gave her name as Mary Martin. That her correct name was Mary Markovich. That she and the defendant were married under these fictitious names. That one child has been born, now seven years of age. She further alleges that defendant has been guilty of gross neglect of duty since the date of their marriage in that he has failed, neglected and refused to provide a home for her and their minor child, neglected and refused to live with her and has neglected and refused to conduct himself towards her as a husband and has at all times since their marriage acted in the same manner as if he were not married to her. That he has been guilty of extreme cruelty to her in that he has neglected and refused to co-habit with her and has openly and notoriously kept company with other women. That his conduct has caused her much humiliation, embarrassment and mental anguish, and prays that she may be granted a divorce, awarded custody of the child, and that appellant be ordered to pay to her a reasonable amount for the support of herself and their minor child, together with reasonable counsel fees.

By way of answer appellant alleges that the facts stated and allegations and averments contained in the petition do not constitute a cause of action against him. That all of the allegations set out in her petition were de-

termined by a competent court outside of the state of Ohio, and that no new matter is alleged in the petition, and that the same is res adjudicata, and that this appellant has no right to maintain the action. He further alleges that by a court of competent jurisdiction in the district of Bravos, state of Chihuahua, Republic of Mexico, on or about the 8th of November, 1938, appellant filed the necessary papers for a divorce against appellee, alleging as grounds the incompatability of characters and the separation from the conjugal home for more than a year, and that the marriage was contracted on the 15th day of September, 1933, at Mercer county, Pennsylvania. That appellee was served with process through the sheriff of Mahoning county, Ohio, interposed an answer to the allegations and that various and sundry papers were filed. That a hearing was had in that cause, resulting in a finding in favor of appellant, which finding is evidenced by an entry certified by that court and by the various consular agents, that the court found among other things as follows:

"It is therefore ordered with all its legal consequences that the marriage existing between Louis L. Bobala as having been entered into on the eighth day of September, 1933, at Mercer, state of Pennsylvania, United States of America, be dissolved, leaving both parties free to contract a new marriage."

That thereafter an appeal was prosecuted by appelle, Mary Bobala, to the Superior Court of Justice, first civil department, and in that court a decree was entered in favor of appellant, Louis Bobala. That by reason of the fact that since appellee invoked the jurisdiction of the civil courts of Mexico and prosecuted from the trial court an appeal to the Superior Court, that the court in Mexico acquired jurisdiction of the action and of the person, that the same should be recognized and full faith given to the decree of that court by the courts of Ohio, due to the full faith and credit clause of the Consti-tution of the United States, that the judgment, order and decree of Mexico be given full faith and credit in this state and that appellee's petition be dismissed.

To this answer a reply was by appellee filed in which she specifically denies that the allegations in her petition contained were determined by a competent court outside of the state of Ohio, that the matter in her petition contained is res adjudicata, or that she has no right to maintain this action. She admits that appellant filed an action in which he sought to obtain a divorce from appellee in the courts of the Republic of Mexico. That she was served with process through the sheriff of Mahoning county, Ohio, and that she filed or caused to be filed an answer in that proceeding. That a hearing was had and a finding made in favor of appellant, and that the court of the Republic of Mexico made an entry purporting to dissolve the marriage contract existing between them. That an appeal was taken by her from the finding of the trial court, and that the result of the appeal was a decree favorable to appellant. Further replying appellee alleges that the defendant went to the Republic of Mexico for the sole purpose of instituting his action for divorce. That the defendant never at any time maintained a bona fide residence in the Republic of Mexico. That when appellant instituted his divorce proceedings in the courts of Mexico it was for the sole purpose of instituting his divorce proceedings and without any intention of establishing a bona fide residence in Mexico, or of remaining in Mexico any longer than might be necessary to institute his divorce proceedings. That as a result the courts of Mexico never had any jurisdiction of the subject of the divorce action instituted by appellant. That any purported entries or attempts to dissolve the marriage contract existing between appellee and appellant by the courts of Mexico were void and of no effect, and that by reason of that fact the entry and decree of the courts of Mexico are not entitled to faith or

credit by the courts of the state of Ohio. That no acts or conduct of the parties could clothe the courts of Mexico with jurisdiction of the subject of the action. That the decree of the courts of Mexico, having been entered without first having obtained jurisdiction of the subject of the action, are null and void and do not constitute an adjudication of the rights of the parties.

First, it will be observed that the sole defense set up by appellant in his answer deals exclusively with the divorce proceedings had in the Republic of Mexico. We might further suggest that the record discloses that appellee was not present at any time during the hearing of the case in the Mexican courts, and further that she **never** has been within the Republic of Mexico. However, the record discloses that she was personally served by the sheriff of Mahoning county of the action taken in the Mexican courts by appellant, and that she did file an answer and prosecuted an appeal through her counsel.

The issues thus joined the cause came on for trial, and the court made the following finding:

"Plaintiff, at the time of filing her petition, had been a resident of the state of Ohio for one year next preceding the same and was, at the time a bona fide resident of the county of Mahoning, and that the parties hereto were married as in said petition set forth.

"That the alleged defense set up in defendant's answer, to the effect that he had obtained a divorce from this plaintiff in the civil courts of the District of Bravos, state of Chihuahua, Republic of Mexico is untenable, without merit and not well taken in that this court holds that at the time the said defendant Louis Bobala filed his action for divorce in the District of Bravos, state of Chihuahua, Republic of Mexico, there was pending before this court a divorce action instituted by said Louis Bobala; that he was not a bona fide resident of said district, state and republic, and that in prosecuting said action and obtaining a purported decree of divorce from this plaintiff Mary Bobala, the said defendant Louis Bobala, perpetrated a fraud upon this plaintiff and upon this court. That at the time the said defendant Louis Bobala obtained said purported decree of divorce he was under a temporary restraining order from this court, enjoining him from prosecuting said action for divorce in said district, state and republic.

"That the civil courts of the District of Bravos, state of Chihuahua and Republic of Mexico had no jurisdiction of the subject of the action in the first instance and this plaintiff could not, by an action which took, invest said court with such jurisdiction.

"That the courts of the Republic of Mexico through the comity of nations clause of the Constitution of the United States had no appellate jurisdiction over the decisions of this court, and this court refuses to recognize the validity of said purported Mexican divorce and holds that the same is contrary to law and of no binding force or effect."

The court further found that appellant had been guilty of extreme cruelty, and that by reason thereof appellee was entitled to a divorce as prayed for. That the marriage contract heretofore existing between the parties be and the same is dissolved and both parties are released from the obligations of the same. That the care, custody, education and control of the minor child be until further order confided to appellee exclusively and enjoined appellant from interferring in any manner with said custody, giving appellant the right of visiting the minor child at reasonable hours. That the appellant pay to appellee for the support and maintenance of the child the sum of $25 per month until further order. That appellant pay to Lewis, Levin & Cronin, counsel for appellee, as attorney's fees the sum of $500, and the barring of dower.

Motion for new trial filed, overruled, and appeal on questions of law is prosecuted to this court.

The record discloses substantially the following: That appellee and appellant were married on September 8, 1933, at Mercer, Pennsylvania. That a child was born, which was seven years of age in August, 1940. That the parties have never lived together in their own home. That appellee has resided with her mother. That she has lived in Mahoning county all of her life, and is now twenty-six years of age, and that appellant never supported her or the child. However, there is evidence in the record of certain agreements entered into between the parties in the way of separation and support in the years 1933-1936.

The record further discloses that on the 20th day of January, 1937, appellant instituted in the Common Pleas Court of Mahoning county his action for divorce from appellee. This cause came on for hearing before the court resulting eventually in a dismissal of this action by the court, the date of dismissal bearing date of January 16, 1939, the hearing thereon having been in the fall of 1938. This was known as case number 98495, Common Pleas Court, Mahoning county. On or about the 8th day of November, 1938, and prior to disposition of appellant's action for divorce filed in Mahoning county, appellant instituted his action for divorce in the civil court, Bravos, state of Chihuahua, Republic of Mexico.

During the pendency of the divorce proceeding in Mexico, appellant having returned to Mahoning county, appellee instituted an action in the Common Pleas Court of Mahoning County, Ohio, and known as case number 104388 on the docket of that court, wherein she sought an injunction restraining appellant from further prosecuting his suit in Mexico or in any other jurisdiction where defendant has not established an actual bona fide residence. Service was had on appellant in Mahoning county in which a restraining order was allowed.

Subsequent and on or about March 4, 1939, a divorce was by the Mexican courts granted appellant, leaving both parties free to contract a new marriage and in no way interferring with the custody of the child, such being with the mother at the time. Appellee through her attorneys prosecuted appeal, wherein the decree was affirmed.

On November 2, 1939, appellee instituted this action in Mahoning county, Ohio, seeking divorce, custody of child, support and maintenance, and known on the docket of that court as case number 106564. Service was had on appellant in Mahoning county, and on hearing the court made the finding as hereinbefore indicated in this opinion.

Is the defense set up by appellant conclusive of the rights of these parties? In other words, was the decree rendered in Mexico res adjudicata and conclusive between these parties so that no further action is available to appellee as herein prosecuted? The lower court answered in the negative. Was the court right in its conclusion? First, it is to be borne in mind that this is not an action to declare the divorce granted appellant in Mexico void by reason of any claimed fraud perpetrated upon that court. Resort would have to be had to that court for a determination of that issue if raised. This action is one for divorce, support, and custody of the minor child based largely on the theory that appellant never acquired a bona fide residence in Mexico, and if that be true then and in that event no jurisdiction attached to that court to grant a decree, and if ▆▆▆▆ that be true appellee has not been divorced as the decree would be void ab initio (23 O. Jur. pages 791-794; 32 O. Jur. page 260), even though the parties appeared in the Mexican court and consented to that court exercising jurisdiction, for it is a universal rule of law that parties can not by consent give a ▆▆▆▆ court jurisdiction of subject matter of which it would otherwise not have jurisdiction. Jurisdiction can not be obtained by consent of the parties, waiver or estop-

pel. Jurisdiction is prescribed by law and can not be increased or diminished by the consent of the parties, and where there is want of jurisdiction of the subject matter a judgment without jurisdiction is void, and consent of parties can never impart to it the vitality which a valid judgment derives from the sovereign state. and it can not be doubted that if the Mexican court had no jurisdiction due to non-residence of appellant the decree could in no case affect the marriage status of these parties in Ohio.

There is a doctrine known and established as that of comity. This has been defined as courtesy, complacence, respect; a willingness to grant a privilege, not as a matter of right but out of deference and good will. Comity of nations is an appropriate phrase to express the true foundation and extent of the obligation of the laws of one nation within the territories of another, and is derived altogether from the voluntary consent of the latter. Such is not admissible when it is contrary to its known policy or prejudicial to its interests. In addition to comity of nations we have judicial comity; a principle in accordance with which the courts in one state or jurisdiction will give effect to the laws and judicial decisions of another, not as a matter of obligation but out of deference and respect.

The court below refused to recognize the purported divorce granted in Mexico on the theory that appellant had violated an injunction issued out of that court restraining appellant from prosecuting further his divorce proceedings in the Mexican courts. Appellant perpetrated a fraud on the local court due to the fact that he had instituted an action in that court for divorce and while pending therein filed another divorce proceeding in the Mexican court. The court also refused to respect the decree of the Mexican court on the theory that appellant never acquired a bona fide residence in Mexico, and further that the fact that appellee appeared by counsel in the Mexican courts

did not and could not confer jurisdiction. Without discussing each of these we think that the court was fully justified in its refusal to respect the decree in Mexico due to the fact that appellant had not acquired a bona fide residence in Mexico.

Appellee called to the stand R. N. McCoy, superintendent of Industrial Relations, Republic Steel Corporation, Youngstown. He testified that he had access to the employment records and did in the year 1938. That he had the records showing the employment of appellant, Louis Bobala. That he started to work for the Republic Steel Corporation in 1933. That in 1938 he took a leave of absence. The witness further testified that on November 4, 1938, he received a memo from the superintendent of the department in which Bobala was working stating that he had talked to Bobala who wanted a sixty day furlough and the superintendent of the department stated that he was willing that he should have this leave of absence. That this memo was sent to him on November 4, 1938. After reaching this conclusion to give Bobala a furlough the superintendent of the department granted appellant the right to be away from work for sixty days, beginning November 7, 1938, and returning January 7, 1939, and that on his return on or before the expiration of this time limit he would be restored to his job. That he reported back for work on December 27, 1938, and has been employed by the Republic Steel Corporation since that time, and is now employed there.

It will be observed that appellant began his action for divorce in the Mexican courts during the interim between his furlough of November 7, 1938, and his return on December 27, 1938.

We think under the evidence in this case that the court was not in error in finding that appellant never established a bona fide residence in Mexico. That being true the court there acquired no jurisdiction, and the court here was not required under such circumstances to recognize the decree granted in the

Mexican courts, and that the court had a right to make the finding it did, and that the decree of the Mexican court was not res adjudicata. That the Mahoning county court having jurisdiction of the parties and subject matter had the power, right and jurisdiction to grant appellee a divorce, fix the custody of the child, their maintenance and support and to fix a reasonable attorney's fee. No complaint is made in this court that the fixing of the custody of the child, or the amount of support, or the attorney's fees are excessive.

As to the requirements of the Mexican law relative to residence of one applying for a divorce, we might suggest that we have been in somewhat of a quandary as to whether this court could in the absence of evidence of the law of Mexico and the holdings of the courts in that country as to the requirement of a bona fide residence therein as a condition precedent to acquiring jurisdiction grant a divorce. However we have, under the holding of the court in the case of United States v Chaves, 159 U. S. 452, examined the Mexican law to some extent on this subject and find:

"In contemplation of subsequent trends in the divorce policies of some of the Mexican states it is of interest that it was expressly set forth among the 'Whereases' preceding the text of the law that, in order to prevent foreigners and residents of the Mexican states from taking advantage of this legislation, it was incumbent upon the parties seeking divorces to have resided one year within the territorial jurisdiction of the competent court." Law and Contemporary Problems, Volume 2, 1935, page 311.

We also find in Martindale-Hubbell Law Directory, Volume 2, Law Digests, 1939, under a summary of the divorce laws of Mexico, the following:

"Each state of the Mexican Union has its own divorce laws, most of which are similar to, whereas others differ widely from those of the Federal Dis-

trict. In several states (as in Sonora, Chihuahua, Campeche, Yucatan and Morelos) radical divorce laws are in force; but American courts have as a rule shown no tendency to recognize divorces under these laws when the status of American citizens not bona fide residents of Mexico is involved."

However, if we are wrong in thus taking judicial notice of the laws of Mexico, then the presumption arises, in the absence of proof of the foreign law to the contrary, that its laws are the same as that of the lex fori, and bona fide residence is necessary as a condition precedent to granting a decree of divorce in the courts of Ohio. Mendelson v Mendelson, 123 Oh St 11-13; 17 O. Jur. 115.

For an able and enlightening discussion of the rights of the courts of the state of Ohio to ignore the decrees of the Mexican courts under the circumstances herein see 39 A. L. R. 677, 689, 698; Machransky v Machransky, 31 Oh Ap 482; Van Fossen v State, 37 Oh St 317.

For a case similar to the case at bar see Lister v Lister, 97 Atl. 170; Streitwolf v Streitwolf, 181 U. S. 179.

Judgment affirmed.

NICHOLS, PJ., concurs in judgment.
PHILLIPS, J., concurs.