THE STATE OF OHIO, APPELLANT, *v.* RAMOS ET AL., APPELLEES.

(Nos. 53360, 53361 and 53362— Decided July 13, 1987.)

*John T. Corrigan,* prosecuting attorney, for appellant.

*William T. Doyle,* for appellees.

*Per Curiam.* On April 29, 1986, a petition for an order of liquidation was filed in the Circuit Court of Marion County, Indiana, in regard to the ap-

pellee, the Allied Fidelity Insurance Company. On July 15, 1986, the court issued an order of liquidation that stayed all causes of action involving the appellee.

Subsequent to the issuance of the stay, several bond forfeiture judgments were entered against the appellee in the Court of Common Pleas of Cuyahoga County. Upon the motion of the appellee, the trial court vacated the judgments and stayed the proceedings pursuant to the ruling of the Indiana court.

The appellant now appeals the order of the trial court, and assigns one error to it. This assignment of error is:

"The trial court erred to the prejudice of the state of Ohio by ruling that the doctrine of judicial comity controls the decision of the issues raised in the proceedings below."

Both the states of Ohio and Indiana have enacted into law the Insurers Supervision, Rehabilitation and Liquidation Model Act as promulgated by the National Association of Insurance Commissioners. Indeed, Ohio and Indiana's versions of the model act are virtually identical. See R.C. 3903.01 through 3903.59 and Ind. C. 27-9-1-2 through 27-9-4-10.

Because they both have adopted this model legislation, Ohio and Indiana are defined as "reciprocal states" in the legislation of the other. R.C. 3903.01(N) and Ind. C. 27-9-1-2 (p). The import of this is that both Ohio and Indiana provide a statutory procedural framework that allows claimants in one state to make claims upon an insolvent insurer domiciled in the reciprocal state. Therefore, a claimant in Ohio can make a claim on an insolvent insurer domiciled in Indiana. R.C. 3903.56(A) provides:

"In a liquidation proceeding in a reciprocal state against an insurer domiciled in that state, claimants against the insurer who reside within this state may file claims either with the ancillary receiver, if any, in this state, or with the domiciliary liquidator. Claims must be filed on or before the last dates fixed for the filing of claims in the domiciliary liquidation proceeding." See, also, Ind. C. 27-9-4-7.

In addition, Indiana law provides for an Ohio resident's claim:

"In a liquidation proceeding begun in Indiana against an insurer domiciled in Indiana, claimants residing in foreign countries or in states not reciprocal states must file claims in Indiana, and claimants residing in reciprocal states may file claims either with the ancillary receivers, if any, in their respective states, or with the domiciliary liquidator. Claims must be filed on or before the last date fixed for the filing of claims in the domiciliary liquidation proceeding." Ind. C. 27-9-4-6(a). See, also, R.C. 3903.55.

In regard to the liquidator's evaluation of claims made against insurers in liquidation, the law of both states provides that the existence of judgments obtained after liquidation proceedings have begun is meaningless:

"(d) The following do not need to be considered as evidence of liability or the measure of damages:

"(1) A judgment or order against an insured or the insurer entered after the date of filing a successful petition for liquidation." Ind. C. 27-9-3-34; accord R.C. 3903.36(D).

Further, under both state's statutory schemes, a creditor does not need a judgment in order to present a claim:

"(a) The claim of a third party that is contingent only on his first obtaining a judgment against the insured must be considered and allowed as if there were no contingency." Ind. C. 27-9-3-35(a); accord R.C. 3903.37(A).

In discussing the doctrine of "comity," one court has noted:

"There is a doctrine known and established as that of comity. This has been defined as courtesy, complacence [*sic*, complaisance], respect, a willingness to grant a privilege, not as a matter of right but out of deference and good will. Comity of nations is an appropriate phrase to express the true foundation and extent of the obligation of the laws of one nation within the territories of another, and is derived altogether from the voluntary consent of the latter. Such is not admissible when it is contrary to its known policy or prejudicial to its interest. *In addition to comity of nations we have judicial comity; a principle in accordance with which the courts in one state or jurisdiction will give effect to the laws and judicial decisions of another, not as a matter of obligation but out of deference and respect."* (Emphasis added.) *Bobala* v. *Bobala* (1940), 68 Ohio App. 63, 71, 20 O.O. 45, 48, 33 N.E. 2d 845, 849. See, also, 16 Ohio Jurisprudence 3d (1979) 46, Conflict of Laws, Section 4.

One of the purposes of Ohio's enactment of the model liquidation code is to lessen "the problems of interstate rehabilitation and liquidation by facilitating cooperation between states in the liquidation process * * *." R.C. 3903.02(D)(5). In light of this, and of the facts that the state of Ohio will be able to make claims against the appellee, and that a formal judgment will not benefit the state when it does make its claims, we conclude that the stay of the Circuit Court of Marion County, Indiana, should be given great deference and respect. Therefore, the trial court did not abuse its discretion in invoking the doctrine of "judicial comity" to give effect to the Indiana stay. Appellant's assignment of error is overruled.

The judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

NAHRA, P.J., and DYKE, J., concur.

PRYATEL, J., dissents.

PRYATEL, J., dissenting. Respectfully, I dissent.

While the majority has drawn on the liquidation Act (Ind. C. 27-9 *et seq.*; accord R.C. 3903.01 *et seq.*) to support its position, it chose to ignore those pertinent sections of the law which reveal who is authorized to file any legal action. The Superintendent of Insurance (as liquidator) is the only one "vested by operation of law with the title to all of the property, contracts, and *rights of action,"* etc. (Emphasis added.) Ind. C. 27-9-3-7; accord R.C. 3903.18(A).

The liquidator may institute timely actions in other jurisdictions, and may prosecute "in the name of the insurer, or in his own name, all suits and other legal proceedings, in Indiana or *elsewhere."* (Emphasis added.) Ind. C. 27-9-3-9(b)(12); accord R.C. 3903.21 (A)(12).

The appellees point out in their brief that "the Court obviously sought substantial justice for the agents." But the law authorizes the liquidator to institute the action *not* for the agents (whose actions often are responsible for the company's financial plight), but for "the protection of the interests of insureds, claimants, creditors, and the public generally * * *." R.C. 3903.02 (D).

For instance, by the action not being referred to the liquidator, he is precluded from discovering that when the agent posts bond for any defendant, the agent not only demands a premium from him, but also collateral that will cover the amount of the bond if the defendant flees from the jurisdiction. By the court vacating the bond forfeiture judgments, the liquidator has no knowledge of a transaction (over which he has exclusive authority)

that will enable him to claim the collateral given to the agent to indemnify the judgment — for the interest of "claimants, creditors, and the public generally" as the law provides.

Therefore, I would hold that the former agents had no standing to institute an action to vacate the bond forfeiture judgments once Allied was placed into liquidation.

I would reverse and reinstate the judgments.