**In re ESTATE OF NEWTON.**

[Cite as *In re Estate of Newton* (1989), 65 Ohio App.3d 286.]

Court of Appeals of Ohio,
Muskingum County.

No. CA–88–35.

Decided Nov. 16, 1989.

*Mell G. Underwood, Jr.*, for appellant Patricia Newton.

*Gottlieb, Johnston, Beam & Dal Ponte* and *Ross L. Johnston*, for appellee Jacqueline J. Newton.

---

SMART, Judge.

This is an appeal from a judgment of the Court of Common Pleas, Probate Division, of Muskingum County, Ohio, that determined that appellee Jacqueline J. Newton (appellee) is the surviving spouse of Herman Newton (decedent).

The record indicates that the decedent and appellee were married in 1951. In 1961, the two separated and decedent went to Juarez, Mexico, with appellant Patricia Newton (appellant). Decedent appeared before a Mexican court and obtained a divorce from appellee, and on the same date married appellant. In 1964, appellee moved from Zanesville, Muskingum County, Ohio, and established her residence in California. Appellant and decedent were divorced in 1972, by judgment of the Muskingum County Court of Common Pleas. Decedent then married Judith Newton, who is not a party to this action. That marriage was dissolved by the Muskingum County Court of Common Pleas in 1979. Thereafter, decedent and appellant lived together without formal remarriage. When decedent died intestate, appellant asserted her claim upon his estate as his surviving common-law wife. Appellee then filed an affidavit claiming that she was decedent's surviving spouse because she was never legally divorced from him. The trial court held an evidentiary hearing on the issue of the validity of decedent's first divorce.

Appellant assigns a single error to the trial court:

### Assignment of Error

"The court erred in finding that Jacqueline J. Newton is the surviving spouse of Herman Newton, Deceased."

Appellant urges that appellee should be estopped from challenging the validity of the Mexican divorce because she acquiesced for twenty-five years by living separate and apart from decedent, and by countenancing his subsequent remarriage to appellant. Appellant asserts that appellee admitted signing a written separation agreement. Decedent took that separation agreement with him to Mexico; apparently the Mexican divorce decree incorporates it, although the document itself is not in evidence. Appellee urges that she did not admit to signing a separation agreement. She denied consenting to a divorce, being served with divorce papers, or submitting to the jurisdiction of the Mexican court.

 The trial court expressly cited the case of *Bobala v. Bobala* (1940), 68 Ohio App. 63, 20 O.O. 45, 33 N.E.2d 845, as authority for the proposition that Ohio does not give comity to a divorce decree of a foreign jurisdiction when the party seeking the divorce in that jurisdiction never acquired a *bona fide* residence there. We agree. In *Bobala*, both parties appeared and consented to the Mexican court's exercising jurisdiction, although neither established a residence there. Even so, the Court of Appeals for Mahoning County held that the decree was void *ab initio*. See *Bobala*, paragraph one of the syllabus. In *Bobala*, the wife was not estopped from challenging the foreign divorce even though she had participated in securing it.

 As a matter of law, if the Mexican divorce decree is void *ab initio*, the actions of the parties cannot subsequently make it valid. While Ohio law accepts the concept of a common-law marriage, it has no counterpart in a common-law divorce. We find this case presents stronger facts than *Bobala*, for appellee presented evidence which, if believed, tend to prove that she did not cooperate in the securing of the foreign divorce decree.

The assignment of error is overruled.

For the foregoing reasons, the judgment of the Court of Common Pleas, Probate Division, of Muskingum County, Ohio, is affirmed.

PUTMAN P.J., and GWIN, J., concur.

*Judgment affirmed.*