## Ti-Bert Systems, Inc.
### v.
## Union Indemnity Ins. Co. of New York
*[Cite as 3 AOA 261]*

*Case No. 14207*
*Summit County, (9th)*
*Decided May 30, 1990*

*Scott H. Ruport and Mark W. Bernlohr, Attorneys at Law, 610 CitiCenter Bldg., 146 S. High St., Akron, OH 44308, for Plaintiff.*

*Bradford R. Carver, Attorney at Law, 1301 E. Ninth St., Suite 400, Cleveland, OH 44115, for Defendant.*

BAIRD, J.

This cause comes before the court upon the appeal of Ti-Bert Systems, Inc. (Ti-Bert) from the judgment of the Summit County of Common Pleas enforcing an order of liquidation issued by the Supreme Court of New York, County of New York in which that court ordered a stay of all proceedings against Union Indemnity Insurance

Company of New York (Union) and its successor in interest, appellee Superintendent of Insurance of the State of New York (Liquidator).

This action began as a claim of breach of a construction contract between Ti-Bert and Homico Construction and Development Company, Inc. (Homico), both Ohio corporations. Union became a party to the action as surety of Homico's performance under the contract. Ti-Bert filed a claim against Homico and Union in the Summit County Court of Common Pleas on October 18, 1984, while Homico and Union filed a separate action against Ti-Bert on February 21, 1985; both actions were then consolidated. In December of 1984, Homico and Union filed another claim against Ti-Bert in the United States District Court, Northern District of Ohio.

Both Homico and Union then became insolvent. On July 16, 1985, the Supreme Court of New York issued an order of liquidation pursuant to New York law, in which the state's superintendent of insurance was named as possessor of Union's assets for purposes of liquidating its business and affairs. A key provision of that order reads:

"ORDERED AND ADJUDGED, that the officers, directors, trustees, policyholders, agents and employees of UNION INDEMNITY and all other persons, including but not limited to claimants, plaintiffs and petitioners who have claims against UNION INDEMNITY, are permanently enjoined and restrained from bringing or further prosecuting any action at law, suit in equity, special or other proceeding against the said corporation or its estate, or the Superintendent and his successors in office, as Liquidator thereof, or from making or executing any levy upon the property or estate of said corporation, or from in any way interfering with the Superintendent, or any successor in office, in his possession, or in the discharge of his duties as Liquidator thereof, or in the liquidation of the business of said corporation; * * *"

This order was filed in the Summit County court on August 16, 1985. On June 13, 1986, the Liquidator was substituted as a party in the local actions in place of Union. On October 29, 1986, the lower court issued a stay of the Liquidator's claim against Ti-Bert, pending resolution of the claim in federal court. The federal court dismissed both the original claim and Ti-Bert's counterclaim, specifying that this was without prejudice to Ti-Bert's claim in the state court.

No further action was taken until September of 1988, when Ti-Bert attempted to reactivate the case by filing an answer and counterclaim to the Liquidator's claim, moving for a pretrial hearing on *both* claims, filing a pretrial statement, and moving for default judgment when the Liquidator failed to appear at a scheduled pretrial hearing. The Liquidator responded by requesting the court to enforce the permanent stay of proceedings issued by the New York Supreme Court. On July 7, 1989, the lower court issued an order upholding the stay, finding also that it was without jurisdiction and that any claims against Union (i.e. the Liquidator) must be filed in New York.

### ASSIGNMENT OF ERROR

"The trial court erred in granting appellees (sic) motion to stay consolidated cases CV-84-10-3109 and CV-85-02-0537 for the reason that appellee had waived any and all rights to a stay of these matters and the New York State Order of Liquidator (sic) was ineffective as an automatic stay as applied to the facts and the parties herein."

Both Ohio and New York have adopted the Insurers Supervision, Rehabilitation and Liquidation Model Act. R.C. 3903.01 *et seq.;* New York Ins. Law sec. 7408 *et seq.* R.C. 3903.24 reads, in pertinent part:

"(a) Upon entry of an order appointing a liquidator of a domestic insurer or of an alien insurer domiciled in this state, no civil action shall be commenced against the insurer or liquidator, whether in this state or elsewhere, nor shall any such existing actions be maintained or further prosecuted after the entry of the order. The courts of this state shall give full faith and credit to injunctions against the liquidator or the company or the continuation of existing actions against the liquidator or the company, when such injunctions are included in an order to liquidate an insurer issued pursuant to corresponding provisions in other states. * * *."

Thus, the order of liquidation and the stay of proceedings against Union and the Liquidator were properly recognized by the court below. See also *State* v. *Ramos* (1987), 41 Ohio App. 3d 88.

Ti-Bert contends, however, that the Liquidator's actions after the filing of the order of liquidation in the common pleas court constituted a waiver of the protection of the stay. This contention is devoid of merit. It is clear that the stay applied only to actions *against* Union or the Liquidator; there was no stay imposed on actions brought by the Liquidator or Union against debtors to Union.

The only subsequent actions regarding either the claim against Ti-Bert or Ti-Bert's claim were the substitution of the Liquidator in place of Union pursuant to New York law, and the Liquidator's motion for stay of proceeding in its claim against Ti-Bert until resolution of the federal claim. Neither of these actions can be construed as a waiver of the stay.

As for Ti-Bert's assertion that the Liquidator was guilty of delay in invoking the New York stay order, the record shows that the first time there was any reason for asserting the stay after its original filing was when Ti-Bert attempted to reactivate its claim three years later. We find no undue delay by the Liquidator in bringing the New York stay order to the court's attention after Ti-Bert's attempted reactivation.

Ti-Bert's argument that the stay is ineffective as to its claim is equally without merit. Ti-Bert claims that Union was bound to defend Homico in this action by virtue of an insurance contract, and that claims based upon such an obligation were stayed by the New York order for only 180 days. There is nothing in the record to support this contention. Rather, the record is clear that Union was party to these actions as a surety of Homico's performance. A surety bond is not a contract of insurance. See *United States* v. *Tilleraas* (C.A. 6, 1983), 709 F. 2d 1088, 1090.

Ti-Bert asserts that the court erred in its ruling regarding jurisdiction over further claims, but presents no arguments beyond those discussed above. We therefore find no merit in this claim of error.

*Judgment affirmed.*

REECE, P.J., and QUILLIN, J., concur.