YODER, APPELLANT, *v.* YODER, ADMX., ET AL., APPELLEES.

[Cite as Yoder v. Yoder (1970), 24 Ohio App. 2d 71.]

(No. 285—Decided November 12, 1970.)

*Mr. Charles E. Smart,* for appellant.
*Mr. James H. Estill,* for appellees.

PUTMAN, J. This appeal arises from a judgment of the Common Pleas Court of Holmes County, Ohio, which decided the issues in favor of the defendant Amanda Yoder, appellee herein. In so doing, the trial court adjudged and declared that the plaintiff Vera Yoder, appellant herein, was not the widow of and hence not entitled to inherit from Chris N. Yoder; that the Mexican divorce decree entered in evidence between Chris N. and Amanda Yoder, was invalid and therefore Amanda Yoder was and is Chris N. Yoder's widow.

We find no error in these proceedings and affirm the judgment.

A statement of our reasons is in order in this case because of the general interest in the question of Mexican divorces. We wish to be clear in what we are and are not deciding.

Mexico as a sovereign country has the same general power to adjudicate divorce cases as any other country. But, since Mexico is not a state of the union, Section 1, Article IV of the United States Constitution, providing

that "full faith and credit shall be given in each State to the public acts, records, and judicial proceedings of every other State," does not operate between Mexico and States of the United States.

However, the several states of the United States are empowered, if they freely elect to do so, to recognize the validity of certain judicial decrees of foreign governments where they are found by the state of the forum to be valid under the law of the foreign state, and where such recognition is harmonious with the public policy of the forum state, taking into consideration all of the relevant facts of the particular case.

The word "comity" is used to describe the operating doctrine in that class of cases where there is no compulsion upon the forum state to give any effect to a foreign decree, but where such may be given if the state in its discretion finds it desirable.

The word "comity" indicates that the foreign decree is being recognized by the Ohio forum with the consent of the Ohio forum. See 9 Ohio Jurisprudence 2d 660, Conflict of Laws, Sections 4 and 5.

In this case, the trial court elected not to extend "comity" to, or voluntarily honor, this particular Mexican decree. This appeal challenges the propriety of that election.

We find the election of the trial court to be in keeping with the exercise of sound principles of comity for the following reason.

Although the applicable Mexican law was never proved by testimony or other means in the trial court, we find that the trial court was justified in not recognizing the decree in question. Even assuming Mexican law had authorized the divorce upon the facts stated in the decree, those recitals of alleged facts in the decree are so violently at variance with the evidence and stipulations before the trial court that they compel the conclusion the Mexican court would not have entered the divorce decree had they been before it.

To develop this point we set forth the pertinent parts of the decree:

"In the village of Hidalgo, of the state of Coahuila, on the 21st of September 1964 it was decreed the following agreement: By agreement, the solicitations of Mr. Chris N. Yoder and Amanda Gengerich Yoder on September 3, of the present year, that by means of such requested solicitations, a divorce was decreed by mutual consent since they have not acquired any properties, both real and personal, and not having any children during the marriage and it appearing by agreement with their solicitation that they contracted marriage on August 21, 1921 in Sugar Creek, Ohio, U.S.A. A copy of said marriage certificate, having satisfied the law referred to by Articles 167 Fraccion XVII and 272 of the Civil Statute in force in the state, by virtue of this act, a divorce is declared to Mr. Chris N. Yoder and Mrs. Amanda Gengerich Yoder and by the present act, Amanda Gengerich is restored to her maiden name Amanda Gengerich, both being left to remarry if they so desire. This is the fundamental agreement in the legal dispositions invoked and recorded by C. Maria Uribe de Garza, official of the Civil Register in the town of Hidalgo, Coah. We officially witness: The official of the civil register—Maria Uribe de Garza. Rubrica. Witness Rubricas Ilegibles."

It was stipulated in the Common Pleas Court of Holmes County that Chris and Amanda Yoder had five children born of their marriage and owned substantial real and personal property.

It was undisputed that Amanda Yoder never left Ohio in the month of September 1964, but that Chris N. Yoder and Vera Smith, the appellant herein, travelled together to Mexico where, during a two-day stay, Chris N. Yoder got the divorce decree set forth above.

Amanda Yoder testified she had never solicited, consented, or agreed to the divorce and the record is void of any evidence that she did.

We find the trial court justified in concluding that the facts recited in the decree were so recited because they were regarded as true, and such truth was a necessary condition to the rendering of the divorce. That is, they were

important to the decree and it would not have been given had it been known they were false.

Our holding is that where the evidence renders important factual recitals of a foreign divorce decree false, that decree is not entitled to comity.

We have carefully examined all the other assignments of error and find none of them to be well taken.

There appearing no error manifest upon the face of the record prejudicial to any substantial rights of the appellant, the judgment will be affirmed.

*Judgment affirmed.*

RUTHERFORD and STRAUSBAUGH, JJ., concur.

STRAUSBAUGH, J., of the Tenth Appellate District, sitting by designation in the Fifth Appellate District.