[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
We address together and overrule the appellant's two assignments of error, upon our determination that the domestic relations court did not abuse its discretion when, under the doctrine of comity, it recognized the validity of the decree of divorce previously granted in Mexico and, on that basis, dismissed the appellant's complaint for divorce. The record transmitted on appeal fails to demonstrate that the Mexican decree's factual underpinnings were in any sense false, that the decree is otherwise invalid under Mexican law, or that recognition of the decree would not be harmonious with Ohio public policy. See Yoder v. Yoder
(1970), 24 Ohio App.2d 71, 72, 74, 263 N.E.2d 913, 913, 915.
We also overrule the sole assignment of error presented in the cross-appeal. Implicit in the court's denial of the cross-appellant's motion for attorney fees was the court's determination that the appellant's objections to the magistrate's decision were neither "frivolous" as defined under R.C. 2323.51(A)(2)(b) nor advanced in "willful violation" of Civ.R. 11. Upon the record before us, we cannot say that that determination was so arbitrary, capricious or unreasonable as to constitute an abuse of discretion. See State ex rel. Fant v.Sykes (1987), 29 Ohio St.3d 65, 505 N.E.2d 966; Riley v. Langer (1994),95 Ohio App.3d 151, 642 N.E.2d 1.
We, therefore, affirm the judgment of the court below.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.