OPINION
{¶ 1} Rosa H. Birjandi appeals from a Judgment Entry and Final Decree of Divorce issued in the Greene County Court of Common Pleas, Domestic Relations Division.
 {¶ 2} Birjandi and Saeid Mir were married in Iran in October 1982. In September 2004, Mir sought a divorce in Greene County. Birjandi challenged the trial court's jurisdiction over the matter based on Mir's residency and, while the matter was pending, she obtained a divorce in an *Page 2 
Iranian court. In March 2005, Birjandi filed a motion to dismiss based on the court's alleged lack of jurisdiction and the existence of the Iranian decree. The court overruled the motion. Birjandi appealed from the trial court's decision on jurisdiction, but we held that the trial court's ruling was not a final appealable order.
 {¶ 3} The trial court conducted a hearing on several issues on January 27 and February 13, 2006. The court concluded that the Iranian divorce decree was not binding upon the court. It proceeded to grant the divorce, to divide the parties' property, and to establish spousal support.
 {¶ 4} Birjandi raises nine assignments of error on appeal, which challenge numerous aspects of the trial court's judgment. Most importantly, she challenges the trial court's determination that it had jurisdiction over the case. Because the question of jurisdiction is paramount, we begin with that issue, which is discussed in her first and second assignments of error.
 {¶ 5} In her first assignment of error, Birjandi claims that Mir did not satisfy the residency requirements for filing for divorce in Ohio, as set forth at R.C. 3105.03. In pertinent part, R.C. 3105.03 provides that "[t]he plaintiff in actions for divorce and annulment shall have been a resident of the state at least six months immediately beforefiling the complaint." (Emphasis ours).
 {¶ 6} The parties moved to Ohio in October 2003. It is undisputed that, on September 8, 2004, Mir left the marital residence and moved to Maryland with no intent of returning. Mir's complaint for divorce was file-stamped by the Greene County Clerk's Office on September 13, 2004. Based on these facts, Birjandi claims that Mir was not a resident of Greene County for the "six months immediately before" the filing of his complaint.
 {¶ 7} Mir claims, however, that there are extenuating circumstances that cast the jurisdictional issue in a different light. He claims that, because his complaint requested restraining *Page 3 
orders, he was required to submit the complaint and proposed restraining orders to the judge's chambers for review and signature before filing. He notes that the clerk's office and the judge's chambers are in different locations. He claims that his complaint and proposed restraining orders were submitted for the judge's review before he moved to Maryland and that, on these facts, he should be deemed to have filed the complaint before he moved to Maryland.
 {¶ 8} In determining that it had jurisdiction over the case, the trial court focused on Birjandi's residence, rather than on Mir's residence. Specifically, the court found that, because Birjandi had continued to live and work in Greene County when the complaint was filed, Greene County had jurisdiction over the case.
 {¶ 9} Although the defendant's residence is relevant under the Civil Rules pertaining to venue, namely Civ.R.3(B), it is not a permissible consideration under R.C. 3105.03. R.C. 3105.03 states that the"plaintiff in actions for divorce and annulment shall have been a resident of the state at least six months immediately before filing the complaint." Thus, the trial court erred in concluding that it had jurisdiction because the defendant-wife continued to live in Ohio after the plaintiff-husband had moved.
 {¶ 10} The trial court's error is not the end of the inquiry, however. Mir alleges in his brief that his complaint and proposed restraining orders were delivered for the judge's signature on the proposed orders several days before they were file-stamped. If the trial court required the complaint, as well as the proposed restraining orders, to be delivered to the court for review of the proposed orders by the court before the complaint could be filed, Mir is entitled to have the date of delivery treated as the date of filing. "This conclusion comports with the long-established precedent that a party should not be penalized for the ministerial delays of the relevant public officer * * *. SeeKing *Page 4 v. Kenny (1829), 4 Ohio 79, 83 * * * (when instruments have been properly presented to the recorder's officer for record but were not recorded due to ministerial nonfeasance, the instrument is treated as though it had been recorded at the time it was properly presented); King v. Penn
(1885), 43 Ohio St. 57, 1 N.E. 84 (holding that when the appellant had timely delivered his appeal to the court but the clerk had failed to formally file and indorse it, the appeal was `filed' when it was delivered to the court clerk); see, also, Young v. State Personnel Dept.Bd. of Review (1967), 9 Ohio App.2d 25, 38 O.O.2d 36, 222 N.E.2d 789
(applying a presumption of timely delivery and deeming the notice of appeal timely when it was untimely file-stamped after the notice was found `under some books')." Gilbert v. Fifth Third Bancorp,159 Ohio App.3d 56, 61, 2004-Ohio-5829, 823 N.E.2d 11. See, also, Bach v.Crawford, Montgomery App. No. 19531, 2003-Ohio-1255, at ¶ 12 (finding substantial compliance with the civil rules where objections had been delivered to the court and forwarded to opposing counsel in a timely manner, but were file-stamped by the clerk several days later);Rhoades v. Harris (1999), 135 Ohio App.3d 555, 735 N.E.2d 6 (holding that the file-stamped date on each document is presumed to reflect the actual date of filing, but that presumption can be refuted by evidence showing that the clerk received the document on a different date.)
 {¶ 11} Mir signed two affidavits in support of his requests for restraining orders on September 3, 2004, the Friday before Labor Day. He claims that he left for Baltimore the following Wednesday, September 8. He alleges in his brief that the "pleadings were at the Court for review and signature on the Restraining Orders for over one week" before they were delivered to the clerk for filing. If these allegations are true, the complaint should be deemed to have been filed sometime prior to September 13, 2004 under the authority of the cases cited above. The record does not demonstrate the date upon which Mir's complaint was delivered to the court. This date is critical on *Page 5 
the question of whether Mir was an Ohio resident "immediately before the filing of the complaint." If the complaint was delivered to the court prior to Mir's departure for Maryland, the trial court had jurisdiction; otherwise not. We will remand this matter for a factual determination of when Mir's complaint was delivered to the court.
 {¶ 12} In her second assignment of error, Birjandi also challenges the trial court's jurisdiction to grant a divorce because the parties had been divorced by an Iranian court before she was properly served by the trial court. An Iranian court issued a divorce decree on January 4, 2005. Mir contends that the trial court was not required to honor the Iranian decree and, in fact, properly refused to honor that decree.
 {¶ 13} The term "comity" refers to an Ohio court's recognition of a foreign decree, and it is a matter of courtesy rather than of right.State ex rel. Lee v. Trumbull Cty. Probate Court, 83 Ohio St.3d 369,374, 1998-Ohio-51, 700 N.E.2d 4; Walsh v. Walsh, 146 Ohio App.3d 48,2001-Ohio-4315, 764 N.E.2d 1103; Rahawangi v. Alsamman, Cuyahoga App. No. 83643, 2004-Ohio-4083, at ¶ 38. "[T]he several states of the United States are empowered, if they freely elect to do so, to recognize the validity of certain judicial decrees of foreign governments where they are found by the state of the forum to be valid under the law of the foreign state, and where such recognition is harmonious with the public policy of the forum state, taking into consideration all of the relevant facts of the particular case. Yoder v. Yoder (1970), 24 Ohio App.2d 71,72, 263 N.E.2d 913. See, also, Kalia v. Kalia 151 Ohio App.3d 145,2002-Ohio-7160, 783 N.E.2d 623; Machransky v. Machransky (1927),31 Ohio App. 482, 166 N.E.2d 423. A decree of divorce will not be recognized by comity where it was obtained by a procedure which denies due process of law. Rahawangi at ¶ 41. *Page 6 
 {¶ 14} The Iranian judgment that was presented in the trial court refers to the parties' citizenship (Iranian) and their religious and ethnic heritage (Muslim and Shiite). Thereupon, it concludes that the parties' affairs should be settled according to their religion. The decree observes that, under Iranian law, a husband's failure to pay his wife's living expenses for six months entitles her to divorce, and a wife has ownership of all of her assets. The decree also states that Mir was not present at the proceedings, although he had been informed of them, and concluded that he had "avoided attending." The judgment stated that the "Social Service Dept." found Birjandi's claims to be true based on all witnesses presented. There is no indication of who the witnesses were, how Mir had been notified of the proceedings, or how the court had concluded that he had "avoided attending." Birjandi did not present any additional evidence about Iranian law, including the residency requirements for filing a claim there.
 {¶ 15} In the absence of proof of foreign law to the contrary, a presumption arises that the law in the foreign state is the same as Ohio law. Husein v. Husein (July 23, 2001), Stark App. No. 2001CA00015;Bobala v. Bobala (1940), 68 Ohio App. 63, 33 N.E.2d 845. Because Birjandi did not present any evidence about residency requirements under Iranian law (among other matters), we must presume that Iranian law required the plaintiff in an action for divorce to have been a resident for at least six months immediately before the filing of a complaint for divorce, as Ohio law does. R.C. 3105.03. It is clear from her testimony that Birjandi was not a resident of Iran for six months before the filing of her divorce action . As such, Ohio was not required to recognize this judgment.
 {¶ 16} Moreover, the trial court could have reasonably concluded that the Iranian judgment did not demonstrate sufficient indicia of due process to recognize it as a valid decree under Ohio law. The decree ignored the fact that the parties were not living in Iran and that most of their property was not *Page 7 
situated there. No evidence was presented about how Mir was notified of the Iranian proceedings or about the basis for the court's conclusion that Mir was "avoiding" the proceedings. Thus, the trial court could have concluded that recognition of the Iranian judgment was not "harmonious with the public policy" of Ohio.
 {¶ 17} As such, the existence of the Iranian decree did not deprive the trial court of jurisdiction over these divorce proceedings. The second assignment of error is overruled.
 {¶ 18} As stated above, we cannot determine from the record before us whether Mir's complaint had been delivered to the court before he moved to Baltimore. On remand, the court should conduct an evidentiary hearing on this issue and determine the date and time that Mir's complaint was delivered to the judge or his office. Mir also contends that, because his complaint sought restraining orders, he was required to deliver his complaint, as well as the proposed restraining orders, to the court for review of and signature on the proposed orders before his complaint could be filed. On remand, the court shall state whether this is the court's policy. This determination of the delivery date of the complaint and the trial court's statement of its policy will facilitate our disposition of the first assignment of error.
 {¶ 19} This remand is in aid of our appellate jurisdiction. We retain jurisdiction over the first and third through ninth assignments of error until we receive the trial court's findings and statement. The trial court should report its findings and statement of policy to us within thirty days of the filing of this judgment entry.
 FAIN, J. and DONOVAN, J., concur. *Page 1