[Cite as *Mustafa v. Elfadi*, 2013-Ohio-1644.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| AMEL Y. MUSTAFA | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Sheila G. Farmer, J. |
| -vs- | Case No. 12 CAF 08 0058 |
| NADIR M. ELFADLI | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Delaware County Court of
Common Pleas, Case No. 10 DRA 05 237


JUDGMENT:    Affirmed in part; Vacated in part and
Remanded


DATE OF JUDGMENT ENTRY:    April 23, 2013


APPEARANCES:


For Plaintiff-Appellee        For Defendant-Appellant


EUGENE B. LEWIS        CHAD A. HEALD
JASON H. BEEHLER        125 N. Sandusky St.
Taft Stettinius & Hollister, LLP    Delaware, Ohio 43015
65 East State Street, Suite 1000
Columbus, Ohio 43215-4213

*Hoffman, J.*

{¶1}   Defendant-appellant Nadir M. Elfadli ("Husband") appeals the July 25, 2012 Judgment Entry/Decree of Divorce entered by the Delaware County Court of Common Pleas, which granted plaintiff-appellee Amel Y. Mustafa ("Wife") a divorce from him.   Husband also appeals the July 25, 2012 Judgment Entry Ruling on Objections entered by the trial court, which overruled his objections to the Magistrate's December 9, 2011 decision, and approved and adopted said decision as order of the court.

STATEMENT OF THE FACTS AND CASE

{¶2}   Husband and Wife were both born in Sudan, but are citizens of the United States.  The parties were married in a religious ceremony under Shari'a law on March 4, 1989, and in a civil ceremony on June 10, 1989. The parties lived in Saudi Arabia until 1995, when they moved to the United States.  Two children were born as issue of said union, one of whom was emancipated at the time of the divorce.   The parties separated on April 10, 2010, after Wife requested a civil protection order against Husband.

{¶3}   Wife filed a Complaint for Divorce on May 6, 2010.  Husband filed an answer and counterclaim on June 23, 2010.  One month earlier, on May 23, 2010, Husband had obtained a purported divorce from Wife in Sudan.  The trial court issued temporary orders, granting Wife exclusive possession of the marital residence, but ordering Husband to pay the mortgage.

{¶4}   The magistrate scheduled the matter for trial on December 7, 2011.  Three weeks before the trial date, on November 15, 2011, Husband filed a motion to dismiss, asserting he had obtained a divorce from an Islamic authority in the Republic of Sudan,

and said divorce decree settled the parties' disputes; therefore, the instant action should be dismissed. The magistrate declined to rule on the motion and proceeded with trial. Over Wife's objections, the magistrate admitted into evidence the Sudanese divorce decree, written in Arabic, and a translation of the document. The document was not authenticated and there was no testimony as to what the document was purported to be under Sudanese law.

{¶5} At the time of trial, Wife was 40 years old. She worked as an associate at Sam's Club and had been employed by the company for 6 years. Wife earned $14.29/hour, and worked 37.5 hours/week, resulting in an annual income of $27,690. Husband was 55 years old. He was an engineer and had been employed by T-Mobile for the last 6 years. Husband earned gross income of $91,544.75, which included a bonus, during the 2011 tax year.

{¶6} The parties owned a residence located in Lewis Center, Ohio. They purchased the home in 2004, for $293,000. The Auditor valued the real estate at $277,800. In February, 2010, there were two mortgages on the home, totaling $236,164. Although the temporary orders required Husband to pay the mortgage, Husband failed to make any payments between February, 2010, and March 31, 2011. Due to Husband's failure to pay on the mortgage, the Bank added $57,252 to the principal owing. As a result, the mortgage debt totaled $293,416.

{¶7} The magistrate issued his decision on December 9, 2011, recommending Wife be granted a divorce from Husband. The magistrate issued orders relative to child support and spousal support; divided the parties' assets and liabilities; and awarded attorney fees to Wife. Husband filed timely objections to the magistrate's decision. Via

Judgment Entry Ruling on Objections filed July 25, 2012, the trial court overruled Husband's objections. The trial court also issued its Judgment Entry Decree of Divorce on July 25, 2012.

{¶8} It is from the July 25, 2012 judgment entries Husband appeals, assigning as error:

{¶9} "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DENYING DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO EXTEND COMITY TO THE DIVORCE ISSUED BY THE REPUBLIC OF SUDAN ON MAY 23, 2010.

{¶10} "II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED ITS DISCRETION IN FAILING TO DIVIDE THE PARTIES' ASSETS AND LIABILITIES IN AN EQUITABLE FASHION.

{¶11} "III. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN AWARDING ATTORNEY FEES TO APPELLEE.

{¶12} "IV. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN ITS DIVISION OF THE PARTIES' RETIREMENT ACCOUNTS.

{¶13} "V. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN ITS SPOUSAL SUPPORT ORDER.

{¶14} "VI. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN CONSIDERING ASSETS AND LIABILITIES ACQUIRED AFTER THE DATE OF THE SUDANESE DIVORCE.

{¶15} "VII. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN ORDERING RETROACTIVE CHILD SUPPORT IN THIS MATTER.

**{¶16}** "VIII. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING APPELLEE THE SOLE ABILITY TO CLAIM THE MINOR CHILD FOR INCOME TAX PURPOSES."

I

**{¶17}** In his first assignment of error, Husband contends the trial court erred in denying his motion to dismiss or, in the alternative, failing to extend comity to the divorce issued by the Republic of Sudan.

**{¶18}** "Comity" is "a principle in accordance with which the courts in one state or jurisdiction will give effect to the laws and judicial decisions of another, not as a matter of obligation but out of deference and respect." *Bobala v. Bobala*, 68 Ohio App. 63, 71, 20 O.O. 45, 33 N.E.2d 845 (1940). States are empowered, if they freely elect to do so, to recognize the validity of certain judicial decrees of foreign governments when they are found by the state of the forum to be valid under the law of the foreign state and when such recognition is harmonious with the public policy of the forum state. *Yoder v. Yoder*, 24 Ohio App.2d 71, 72, 53 O.O.2d 193, 263 N.E.2d 913 (1970). Thus, in the interest of comity, an Ohio court will recognize a foreign decree as a matter of courtesy. *Mir v. Birjandi*, 2d Dist. No. 2006 CA 63, 2007-Ohio-3444, ¶ 13.

**{¶19}** "This principle is frequently applied in divorce cases; a decree of divorce granted in one country by a court having jurisdiction to do so will be given full force and effect in another country by comity, not only as a decree determining status, but also with respect to an award of alimony and child support. The principle of comity, however, has several important exceptions and qualifications. A decree of divorce will not be recognized by comity where it was obtained by a procedure which denies due process

of law in the real sense of the term, or was obtained by fraud, or where the divorce offends the public policy of the state in which recognition is sought, or where the foreign court lacked jurisdiction." *Kalia v. Kalia,* 151 Ohio App.3d 145, 155, 2002-Ohio-7160, 783 N.E.2d 623.

{¶20} The trial court declined to extend comity to the Sudanese divorce. The trial court found Husband had filed an answer and counterclaim to Wife's complaint, in which he invoked the trial court's jurisdiction, requested a fair and equitable division of the parties' assets and liabilities, and sought custody of the minor child. Husband never mentioned the Sudanese divorce in his answer or counterclaim. Additionally, the Sudanese proceeding denied Wife due process. Wife was never served with notice of the proceeding or participated therein. Husband participated in absentia. Additionally, the Sudan Divorce Certificate was not authenticated. Husband failed to provide legal testimony as to what the document purported to be under Sudanese law. Further, we find the purported Sudanese divorce decree offends the public policy of this state regarding the division of marital assets as well as both child and spousal support obligation.

{¶21} Based upon the foregoing, we find the trial court did not abuse its discretion in failing to extend comity. Consequently, and for the same reasons, we find the trial court did not err in denying Husband's motion to dismiss.

{¶22} Husband's first assignment of error is overruled.

II

**{¶23}** In his second assignment of error, Husband argues the trial court erred and abused its discretion in failing to divide the parties' assets and liabilities in an equitable fashion.

**{¶24}** In reviewing the equity of a division of property, one of the basic guidelines an appellate court is bound to follow is that the trial court's judgment cannot be disturbed on appeal absent a showing that the common pleas court abused its discretion in formulating its division of the marital assets and liabilities of the parties. *Martin v. Martin* (1985), 18 Ohio St.3d 292, at 294-295.  In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**{¶25}** Husband takes issue with the trial court's allocating to him the mortgage debt on the marital residence; the debt to an individual by the name of Young Lee; the repayment of loans to Wife's family; and the payment of deposition costs; as well as ordering him to make an equalizing payment to Wife.  We shall address each in turn.

**{¶26}** Via Agreed Magistrate's Order filed August 31, 2010, the parties agreed "[H]usband shall be responsible for *all mortgage payments* to Nationstar mortgage LLC or its successors and assigns as of September 1, 2010 * * *".  (Emphasis added).  The evidence reveals Husband failed to make any payments on the mortgages from February, 2010, through March 31, 2011.  As a result, the bank added a total of $57,252 to the principal amounts of the mortgages.  The additional amounts owed on the

mortgages were a direct consequence of Husband's inaction. We find the trial court did not abuse its discretion in allocating the mortgage debt to Husband.

{¶27} Husband also questions the trial court's allocating to him the debt to Young Lee. The evidence reveals Husband borrowed $30,000 from Lee, who was his friend and former co-worker, in 2002. Lee made the check payable to Husband only. Husband placed the proceeds of the loan into his personal account. Although Husband testified the proceeds were used to pay family bills and living expenses, the trial court obviously did not find his explanation credible. We find the trial court did not abuse its discretion in allocating the Young Lee debt to Husband.

{¶28} Husband additionally disputes the trial court's order requiring him to reimburse Wife $17,848, which she borrowed from family and friends. Husband contends the order is essentially a distributive award to Wife. We disagree.

{¶29} Wife testified she was forced to accept loans from family and friends because she did not receive support from Husband. The debt incurred was the result of Husband's actions and we do not find the trial court abused its discretion in requiring Husband to reimburse Wife for these monies.

{¶30} Husband also takes issue with the trial court's ordering him to pay the cost of the deposition taken in the matter.

{¶31} R.C. 3105.73 provides:

{¶32} (A) In an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that action, a court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the

parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate.

**{¶33}** Husband asserts the award was improper and there was no evidence presented at trial. At trial, Wife submitted an invoice from the company which took Husband's deposition. We find the trial court did not abuse its discretion in ordering Husband to pay the deposition costs.

**{¶34}** Husband further disputes the trial court's ordering him to make an equalizing payment to Wife. Husband submits because the trial court did not include the Young Lee debt and the mortgage delinquency penalties in its calculation of the parties' marital debts and liabilities, the trial court could not make an equitable division of the marital assets and liabilities. As discussed, supra, we found the trial court acted within its discretion in ordering Husband to be solely responsible for those debts. The trial court's non-inclusion of those figures did not hinder the trial court's ability to make an equitable division and/or equalization payment to Wife. We find no abuse of discretion.

**{¶35}** Husband's second assignment of error is overruled.

III

**{¶36}** In his third assignment of error, Husband argues the trial court erred in awarding attorney fees to Wife. Husband contends the trial court failed to make a finding such an award was equitable, and a finding the fees were reasonable.

**{¶37}** As set forth, supra, pursuant to R.C. 3105.73(A), a divorce court "may award all or part of reasonable attorney's fees * * * to either party if the court finds the award equitable." In determining whether an award of fees is equitable," the court may

consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate." Id.   An award of attorney fees under R.C. 3105.73 lies within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. *Trott v. Trott,* 10th Dist. No. 01AP–852, 2002-Ohio-1077.

**{¶38}** At trial, Wife testified regarding the legal fees she owed to Chester Wilcox & Saxbe.  Wife provided the trial court with an itemization of the time incurred by her attorneys, the expenses incurred during the proceedings, and a summary of the attorney fee expenses.  Wife also included a copy of the fee agreement between herself and counsel.   However, Wife did not present any independent evidence to establish the fees were reasonable and necessary nor did the trial court make a finding as such. While we do not find an award of attorney fees to Wife in this case was error, in the absence of evidence establishing the reasonableness and necessity of those fees, the amount of the award must be redetermined.   We vacate the attorney fee award and remand the matter to the trial court for further proceedings.

**{¶39}** Husband's third assignment of error is sustained.

IV

**{¶40}** In his fourth assignment of error, Husband challenges the trial court's division of the parties' retirement accounts.

**{¶41}** As explained, supra, our standard of review is an abuse of discretion standard.  *Booth v. Booth* (1989), 44 Ohio St.3d 142, 541 N.E.2d 1028.

**{¶42}** Husband maintains the trial court erred in the division on his 401(k). Husband explains he obtained a divorce from Wife in Sudan in May, 2010; therefore,

the trial court should have used the June, 2010 valuation of $44,549.41, when determining each of their shares.  Having found in assignment of error I, the trial court did not abuse its discretion in failing to extend comity, we find the trial court did not abuse its discretion in not utilizing the valuation from June, 2010.  We also find the trial court did not abuse its discretion in using a valuation of $62,676.00, based upon the value of the account at the time of the final hearing, approximately 18 months later.  This figure reflects the value of the 401(k) as of the date of the end of the marriage.

**{¶43}** Husband additionally argues the trial court erred in allocating to him the entire amount of the loan taken out of his 401(k).  Husband submits the funds were used for family expenses; therefore, the trial court should have allocated one half of the debt to Wife.  The trial court was obviously not persuaded by Husband's explanation of the use of the funds.   We find the trial court did not abuse its discretion in allocating the entire loan debt to Husband.

**{¶44}** Husband's fourth assignment of error is overruled.

V

**{¶45}** In his fifth assignment of error, Husband maintains the trial court's award of spousal support was not justified based upon the division of the parties' assets and liabilities.

**{¶46}** This Court reviews the trial court's decision relative to spousal support under an abuse of discretion standard. *Kunkle v. Kunkle* (1990), 51 Ohio St.3d 64, 67, 554 N.E.2d 83.

**{¶47}** R.C. 3105.18(C)(1) sets forth the factors a trial court must consider in determining whether spousal support is appropriate and reasonable and in determining

the nature, amount, terms of payment, and duration of spousal support. These factors include:

**{¶48}** "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

**{¶49}** "(b) The relative earning abilities of the parties;

**{¶50}** "(c) The ages and the physical, mental, and emotional conditions of the parties;

**{¶51}** "(d) The retirement benefits of the parties;

**{¶52}** "(e) The duration of the marriage;

**{¶53}** "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

**{¶54}** "(g) The standard of living of the parties established during the marriage;

**{¶55}** "(h) The relative extent of education of the parties;

**{¶56}** "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

**{¶57}** " * * *;

**{¶58}** "(l) The tax consequences, for each party, of an award of spousal support;

**{¶59}** " * * *;

**{¶60}** "(n) Any other factor that the court expressly finds to be relevant and equitable."

{¶61} In examining the magistrate's findings relative to spousal support as adopted by the trial court, we find no abuse of discretion in the order of spousal support. The magistrate considered the factors set forth in R.C. 3105.18 in determining the amount of spousal support. The record reveals the parties were married 22 ½ years and lived a middle class lifestyle. Wife's income is approximately 1/3 of Husband's income, including base pay and bonuses. Wife did not have a college degree while Husband had a degree in electrical engineering.

{¶62} Husband's fifth assignment of error is overruled.

VI

{¶63} In his sixth assignment of error, Husband submits the trial court erred in considering assets and liabilities acquired after the date of the Sudanese divorce.

{¶64} Having found no error or abuse of discretion in the trial court's decision not to extend comity, we find the trial court did not abuse its discretion in considering the parties' assets and liabilities acquired "during the marriage" as defined by R.C. 3105.171(A)(2)(a). The parties were still married under Ohio law despite the purported Sudanese divorce.

{¶65} Husband's sixth assignment of error is overruled.

VII

{¶66} In his seventh assignment of error, Husband challenges the trial court's retroactive order of child support.

{¶67} The standard used to review child support orders is abuse of discretion. *Booth v. Booth*, supra.

**{¶68}** Again, Husband claims his child support obligations should not extend beyond the date of the Sudanese divorce. We disagree for the reasons set forth, supra. We further find the trial court did not abuse its discretion in ordering child support retroactive to the date Wife and child vacated the marital residence.

**{¶69}** Husband's seventh assignment of error is overruled.

VIII

**{¶70}** In his final assignment of error, Husband claims the trial court erred in allocating the tax dependency exemption to Wife. Husband submits because he was ordered to pay retroactive child support, current child support, and spousal support, it was improper for the trial court not to allocate the tax dependency exemption to him "at the very least" on alternating years.

**{¶71}** A trial court enjoys broad discretion when allocating tax dependency exemptions, and absent a showing of an abuse of discretion, an appellate court may not substitute its judgment for that of the trial court." *Geschke v. Geschke,* Medina App. No. 3266-M, 2002-Ohio-5426, 2002 WL 31255752, at ¶ 32, citing *Morgan v. Morgan* (Oct. 24, 2001), Wayne App. No. 01 CA0017, unreported; *Deckerd v. Deckerd* (Dec. 18, 1996), Columbiana App. No. 95-CO-33, unreported.

**{¶72}** R.C. 3119.82 sets forth the procedure a trial court must follow when determining which party should receive the dependency exemption and states:

**{¶73}** "If the parties do not agree, the court, in its order, may permit the parent who is not the residential parent and legal custodian to claim the children as dependents for federal income tax purposes only if the court determines that this

furthers the best interest of the children * * *. In cases in which the parties do not agree which parent may claim the children as dependents, the court shall consider, in making its determination, any net tax savings, the relative financial circumstances and needs of the parents and children, the amount of time the children spend with each parent, the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax credit, and any other relevant factor concerning the best interest of the children."

**{¶74}** The Internal Revenue Code creates a presumption in favor of the custodial parent in the allocation of the federal income tax dependency exemption. *Singer v. Dickinson* (1992), 63 Ohio St.3d 408, 411, 588 N.E.2d 806. When the parties disagree to which parent should claim a child as a dependent, "the burden is on the nonresidential parent to produce competent and credible evidence to show that allocating the dependency exemption to the nonresidential parent would be in the best interests of the child." *Maessick v. Maessick,* 171 Ohio App.3d 492, 871 N.E.2d 1210, 2006–Ohio–6245, ¶ 15.

**{¶75}** In the instant action, Husband failed to introduce any evidence it was in the best interest of the minor child to allocate the exemption to him. The sole basis for his argument is he is paying retroactive child support, current child support, and spousal support; therefore, he should receive the tax exemption. The trial court found Wife saves $1,625 by claiming the minor child as a tax dependent. We find the trial court did not abuse its discretion in doing so.

**{¶76}** Husband's eighth assignment of error is overruled.

{¶77} The judgment of the Delaware County Court of Common Pleas, is affirmed in part; vacated in part and remanded for further proceedings in accordance with this opinion and the law.

By: Hoffman, J.

Delaney, P.J.  and

Farmer, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| AMEL Y. MUSTAFA | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| NADIR M. ELFADLI | : | |
| | : | |
| Defendant-Appellant | : | Case No. 12 CAF 08 0058 |

For the reasons stated in our accompanying Opinion, the judgment of the Delaware County Court of Common Pleas, is affirmed in part; vacated in part and remanded for further proceedings in accordance with our Opinion and the law.  Costs to Appellant.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY


s/ Sheila G. Farmer_____
 HON. SHEILA G. FARMER